UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**RECEIVED BY MAIL**

**MAR 1 2 2026**

CLERK, U.S. DISTRICT COURT
DULUTH, MINNESOTA

| | | |
|---|---|---|
| MARCUS RUSHING, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 26-CV-1846 LMP/ECW |
| | ) | |
| v. | ) | |
| | ) | COMPLAINT: Trial by Jury |
| | ) | |
| WEST ST. PAUL POLICE | ) | |
| DEPARTMENT, | ) | |
| OFFICERS ISABELLE LALOR, BADGE | ) | |
| #24R45, and other TBD officers | ) | |
| Individually and in official capacity, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §§ 1983, FALSE ARREST, MALICIOUS PROSECUTION, AND CONVERSION/PROPERTY DEPRIVATION, SAFE-AT-HOME COMPROMISE

## I. Nature of Action

1. This is a civil rights action pursuant to **42 U.S.C. §1983** for deprivation of Plaintiff's constitutional rights under the **Fourth and Fourteenth Amendments**.
2. The claims arise from:
   - **False arrest and malicious prosecution** by law enforcement officers;
   - **Seizure and deprivation of personal property** without due process;
   - Interference with **legal counsel** and **Safe-At-Home program protections**.
3. Plaintiff seeks **injunctive relief, return of property, compensatory and punitive damages, and attorney's fees** under 42 U.S.C. §1988.

---

## II. Jurisdiction and Venue

1. This Court has jurisdiction under **28 U.S.C. §§1331 and 1343** (federal question, civil rights) and supplemental jurisdiction under **28 U.S.C. §1367**.

SCANNED
M.... 
U.S. DISTRICT COURT DULUTH

2. Venue is proper in this district because the acts and omissions giving rise to this complaint occurred in Dakota County, Minnesota, and the Defendants acted under color of state law in this district.

## III. Parties

1. **Plaintiff Marcus Dewayne Rushing** is an adult, African-American male, a Minnesota resident, and a participant in the **Safe-At-Home program** due to threats received by a defendant in ongoing federal litigation. At the time of the incidents, Plaintiff was homeless as a result of the enforcement of a restraining order.
2. **Defendant Officer Isabelle Lalor, Badge #24R45**, was at all relevant times a sworn law enforcement officer acting under color of state law.
3. **Other officers** involved are currently unknown and will be identified through discovery.

## IV. Factual Allegations

1. On **January 2, 2026**, law enforcement responded to a domestic disturbance call at Plaintiff's marital residence.
2. Video evidence reportedly showed **no conduct constituting domestic assault**.
3. Despite the lack of probable cause, Officer Lalor encouraged and facilitated the initiation of a **restraining order proceeding**. The restraining order was initiated after Plaintiff discovered text messages in the caller's phone suggestive of infidelity.
4. At the time of the arrest on a later civil assist:
    - **No warrant was provided or presented**; documentation only appeared after Plaintiff had been booked;
    - Plaintiff was **not Mirandized prior to questioning**;
    - Plaintiff's personal property was **seized without due process**, including electronics, identification, and legal documents;
    - Access to counsel and family was **impeded**, including provision of incorrect phone numbers.
5. Officer Lalor and other officers contacted Plaintiff's emergency contact to solicit **money via CashApp** for purported bail or house arrest, although no judicial authorization existed.
6. Officer Lalor communicated **false conditions of release** to third parties.
7. Plaintiff's participation in the **Safe-At-Home program** was compromised, exposing him to risk and **depriving him of program confidentiality protections**.
8. At the time of the incidents, Plaintiff's **Safe-At-Home enrollment existed due to threats from a defendant in ongoing federal litigation**, and **evidence relevant to that federal case was present in the marital home**. Defendants' actions—including the restraining order, arrest, and property seizure—**interfered with Plaintiff's access to that evidence and disrupted program protections**.

9. All actions were undertaken by Defendants **under color of law**, with knowledge or reckless disregard of Plaintiff's constitutional rights.

---

## V. Claims for Relief

### Count I – False Arrest / Malicious Prosecution (42 U.S.C. §1983)

1. Plaintiff incorporates all preceding allegations.
2. Defendants, acting under color of law, **arrested and detained Plaintiff without probable cause**, violating the Fourth and Fourteenth Amendments.
3. The arrest and detention were **malicious and unreasonable**, causing emotional, reputational, and financial harm.

### Count II – Conversion / Property Deprivation (42 U.S.C. §1983)

1. Plaintiff incorporates all preceding allegations.

2. During the arrest and detention, Defendants **seized Plaintiff's personal property**, including electronics, cash, other non-electronic items, and funds sent via Cash App. While some electronics were later returned, **cash, non-electronic items, and the Cash App funds remain withheld**, and were **never used or authorized for bail or any judicially-sanctioned purpose**.

3. Defendants' actions **deprived Plaintiff of lawful possession and use of his property**, causing financial harm, inconvenience, and emotional distress, in violation of the Fourteenth Amendment.

### Count III – Interference with Access to Counsel (42 U.S.C. §1983)

1. Plaintiff incorporates all preceding allegations.
2. Defendants **intentionally impeded Plaintiff's access to legal counsel**, providing false contact information and limiting communication opportunities during arrest and detention.

### Count IV – Safe-At-Home / Abuse of Authority (42 U.S.C. §1983)

1. Plaintiff incorporates all preceding allegations.
2. Defendants' conduct **compromised Plaintiff's Safe-At-Home protections**, exposing Plaintiff to risk and interfering with evidence access for ongoing federal litigation, constituting abuse of authority and due process violations.

### Count V – Municipal Liability (42 U.S.C. §1983)

1. Plaintiff incorporates all preceding allegations.

2. Defendant municipality **failed to train and supervise officers properly**, leading to the constitutional violations described herein.

## VI. Damages

As a direct result of Defendants' actions, Plaintiff suffered:

- **Unlawful detention**;
- **Emotional distress**;
- **Reputational harm**;
- **Financial damages**, including loss of property and costs associated with responding to false legal claims.

Plaintiff seeks **compensatory and punitive damages**, attorney's fees under **42 U.S.C. §1988**, and any further relief the Court deems just and proper.

## VII. Prayer for Relief

Plaintiff respectfully requests that the Court grant:

1. Declaratory relief that Defendants' actions violated Plaintiff's constitutional rights;
2. Injunctive relief ordering the **return of all seized property**;
3. Compensatory damages for loss of liberty, property, and emotional distress;
4. Punitive damages as allowed by law;
5. Reasonable attorney's fees and costs under **42 U.S.C. §1988**;
6. Any other relief the Court deems just and proper;
7. Trial by jury on all claims so triable.

## VIII. Jury Demand

Plaintiff hereby demands a **trial by jury** on all claims so triable.

Marcus Rushing
3/6/26