**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Marcus Rushing,<br><br>Plaintiff,<br><br>v.<br><br>West St. Paul Police Department; Isabelle Lalor, *Officer, Badge #24R45, individually and in official capacity*; and Other TBD Officers, *individually and in official capacity*,<br><br>Defendants. | Case No. 26-cv-01846 (LMP/ECW)<br><br>**REPORT AND RECOMMENDATION** |

---

In an order dated June 22, 2026, this matter was stayed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), because the events at issue in this litigation were currently the subject of a criminal proceeding against plaintiff Marcus Rushing in state court and there was no way of adjudicating Rushing's claims in this lawsuit without interfering with the ongoing state-court prosecution. (Dkt. 8; *see also State v. Rushing*, No. 19WS-CR-26-969 (Minn. Dist. Ct.).) At the time that the stay was imposed, Rushing was directed to provide a status update regarding the criminal matter by no later than August 14, 2026, and Rushing was warned that a failure to do so might result in a recommendation that this matter be dismissed for failure to prosecute. (Dkt.8 at 2 (citing Fed. R. Civ. P. 41(b)).)

That deadline has now passed, and Rushing has not provided the status update required by the Court's June 22 Order. Rushing also did not respond to this Court's

May 4, 2026 Order directing Rushing to show cause why this matter should not be stayed pursuant to *Younger*. (*See* Dkt. 7.) The electronic docket from the state-court prosecution reflects that Rushing failed to appear for a hearing in that matter on April 29, 2026. A warrant was issued for Rushing's arrest that same day, but nothing further has occurred in the meantime.

There is very little reason at this point to believe that Rushing, after having failed to respond to two deadlines set by this Court, intends to prosecute this lawsuit.[1] Moreover, even if Rushing did intend to prosecute this lawsuit, doing so would require that the criminal prosecution against him be brought to a conclusion, whether favorably or unfavorably from Rushing's perspective. That prosecution has now sat in abeyance for more than three months following Rushing's failure to appear at a hearing and, for reasons entirely of Rushing's own making, appears to be no closer to reaching a conclusion than when the stay pursuant to *Younger* was entered in this matter. Accordingly, this Court now recommends, consistent with the warning previously given to Rushing, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

[1] In the meantime, an appeal initiated by Rushing before the United States Court of Appeals for the Eighth Circuit has also been dismissed for failure to prosecute. *See Rushing v. McGaw Medical Center*, No. 26-1385 (8th Cir. May. 29, 2026).

RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY RECOMMENDED THAT

1. This action be DISMISSED WITHOUT PREJUDICE under Fed. R. Civ. P. 41(b) for failure to prosecute.

2. The pending motions of plaintiff Marcus Rushing (Dkts. 2, 4, & 5) be DENIED AS MOOT.

Dated: August 20, 2026

*s/Elizabeth Cowan Wright*
Elizabeth Cowan Wright
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).